El Pueblo, Demandante y Apelado, *v.* García, Acusado y
Apelante.

Apelación procedente de la Corte de Distrito de Humacao
en causa por adulterio.

No. 1017.—Resuelto en junio 19, 1916.

Adulterio—Testigo del Pueblo—Co-autor—Sobreseimiento de la Acusación.
Si bien es cierto que, de acuerdo con el artículo 270 del Código Penal, para
que exista el delito de adulterio es necesaria la intervención de un hombre
y de una mujer y que ambos cometen el delito aunque uno sólo sea casado,
el artículo 239 del Código de Enjuiciamiento Criminal no es aplicable al
caso en que la mujer, con quien se alega que el acusado cometió adulterio,
y que no fué incluída en la acusación, presta declaración como testigo, ni
impide que un co-autor declare en el juicio si desea hacerlo. El objeto del
artículo 239 citado es que el co-autor pueda ser compelido a declarar una
vez que su acusación ha sido sobreseída.

Id.—Preguntas Sugestivas—Preguntas a Mujeres sobre Relaciones Carna-
les—Discreción Judicial—Abuso de Discreción.—La concesión por un tri-
bunal de preguntas sugestivas a una testigo es puramente discrecional, y no
debe intervenirse en esa facultad a menos que se demuestre abuso manifiesto
en su ejercicio. Generalmente se permiten preguntas sugestivas para ave-
riguar de una mujer sus relaciones carnales con un hombre y con más fre-
cuencia tratándose de niñas.

Id.—Perito Médico—Corroboración.—Es propiamente rechazada la objeción a
la declaración de un perito médico sobre la desfloración de una joven que
tiende a corroborar el coito declarado por ella.

Id.—Corroboración Suficiente—Perito Médico—Manifestaciones del Acu-
sado.—Es suficiente corroboración a la declaración de una co-autora en causa
por adulterio, de acuerdo con el artículo 253 del Código de Enjuiciamiento
Criminal, la declaración de un perito médico en cuanto a la reciente desflo-
ración de aquélla; la de un testigo al exponer la manifestación que le hizo
el acusado de haberse llevado a dicha joven; y la de otro testigo referente
a saber que el acusado se la había llevado a una casa del pueblo, en donde
la vió.

Los hechos están expresados en la opinión .

Abogado del apelante: *Sr. Juan B. Huyke.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del
tribunal.

En la apelación que estableció Alejandro García contra
la sentencia que lo declaró culpable del delito de adulterio
no ha presentado alegato escrito especificando los errores que

a su juicio produzcan la revocación de la sentencia, pero en el informe oral su abogado reprodujo las objeciones que hizo en el juicio a la admisión de cierta evidencia que estimó impropia.

La acusación imputó al apelante que había tenido actos de comercio carnal con Catalina Mestre, que no era su esposa, estando él casado con otra mujer.

Cuando el Fiscal presentó en el juicio como testigo a la joven de quince años Catalina Mestre y le manifestó que dijera al tribunal lo que había ocurrido entre ella y el acusado se opuso el abogado de éste a que la testigo contestara la pregunta por entender que de acuerdo con el artículo 270 del Código Penal y el 239 del Código de Enjuiciamiento Criminal, siendo la testigo co-autora del delito no podía declarar a menos que se cumplieran los trámites establecidos por la ley. El tribunal permitió la contestación y la defensa del acusado hizo constar su excepción.

El artículo del Código Penal a que se refiere el apelante dispone que también incurrirá en el delito de adulterio el hombre o la mujer solteros que cometieren adulterio con hombre o mujer casados; y el 239 del Código de Enjuiciamiento Criminal que cuando dos o más personas hayan sido incluídas en una misma acusación, el tribunal podrá en cualquier tiempo antes de que los acusados hayan empezado su defensa, decretar a petición del Fiscal la exclusión del juicio de cualquiera de los acusados con objeto de que sirva como testigo del poder público.

Es cierto que para que exista el delito de adulterio es necesaria la intervención de un hombre y de una mujer y que ambos cometen el delito aunque uno solo sea casado, pero el artículo 239 en que se fundó el apelante para oponerse a la declaración de la mujer con quien se alega que cometió adulterio no es aplicable a este caso porque ella no fué incluída en la acusación que se hizo a Alejandro García, ni impide que un co-autor preste declaración en el juicio, si desea hacerlo. El objeto de ese precepto es que el co-autor pueda ser

compelido a declarar una vez que su acusación ha sido sobreseída.

También se opuso la defensa del acusado a la resolución del tribunal permitiendo ciertas preguntas sugestivas a la testigo, niña de quince años de edad, pero tal concesión es puramente discrecional y no debemos intervenir con el ejercicio de esa facultad a menos de un manifiesto abuso en su ejercicio. *El Pueblo* v. *Quiñones et al.*, 23 D. P. R. 504. Generalmente se permiten preguntas sugestivas para averiguar de una mujer sus relaciones carnales con un hombre, y con más frecuencia tratándose de niñas como lo era Catalina Mestre.

La objeción a que declarase un médico sobre la desfloración de dicha joven fué también propiamente rechazada pues tendía a corroborar el coito declarado por ella.

Por último se hizo objeción a la suficiencia de toda la prueba por entender el acusado que la declaración de la coautora no estaba corroborada de acuerdo con el artículo 253 del Código de Enjuiciamiento Criminal.

Entendemos que no cometió error el tribunal al desestimar esa objeción porque la declaración de Catalina Mestre fué debidamente corroborada por el Dr. Palou en cuanto a su reciente desfloración; por Eduardo G. Torres al exponer la manifestación que le hizo el acusado de haberse llevado dicha muchacha, y por la de Pedro Mestre referente a saber que el acusado se había llevado a Catalina a una casa del pueblo, donde la vió.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.